EMIL H. BERGENS and Another, Plaintiffs, *v.* HENRY C. ZIMMERMAN, Defendant.

Supreme Court, Erie County, January 19, 1928.

Vendor and purchaser — specific performance — action by vendor — contract stipulated that defendant would not be required to perform in case of death, failure of his company, or general business depression — defendant, then tenant of property, continued to occupy without paying rent after closing date — defendant waived right to have abstract brought down to date — conditions were subsequent and burden was on defendant to establish — existence of conditions excusing performance not shown.

This is an action by a vendor to compel the specific performance of a land contract which contains a provision that the defendant shall be excused from performing in case of his death, failure of his company, or general business depression. The defendant refused to complete the purchase but continued to occupy the premises, which he held under lease, without paying rent after the closing date.

The defendant waived his right to an abstract of title brought down to date, by continuing to hold possession after his refusal to take title.

The conditions in the contract were conditions subsequent and, therefore, could be availed of by the defendant only if pleaded and proved by him. The defendant had not died. The proof did not establish that his company had failed, for while he contends that it is insolvent, it appears that it is still a going concern holding a valuable contract and that he plans to remove it to another location. The fact that business conditions and markets were depressed during the period, a not unusual condition, did not show a general business depression or recession.

ACTION to compel defendant to accept conveyance of real property and to pay therefor.

*H. H. Bacon*, for the plaintiffs.

*Albert W. Plumley*, for the defendant.

HARRIS, J.   This is an action brought by the plaintiffs to compel the defendant to accept a conveyance of real property and to pay therefor, thus performing his obligations provided for in a written contract made the 1st day of August, 1926, between the plaintiffs and the defendant.

Such contract provided, among other things, as follows: " In the event of the death of Henry C. Zimmerman, or, in case of business failure of the Watson Carting Company, or general business depression, the agreement to purchase said property at the end of one year, shall be void."

The preponderance of proof was to the effect that on the day that the property was to be transferred and at subsequent times, the defendant stated to the plaintiffs, after they had presented him with a deed to the premises, that he was unable to and would not carry out the provisions of the contract.   Subsequent to this the defendant continued in possession of the premises which he had formerly held under a lease, but paid, after his refusal to take title, no rent therefor.   The defendant, on trial, claimed that the abstract of title and survey presented to him was not brought down to date, but I am of the opinion that his refusal to take title and his continuing in possession of the premises constituted a waiver of his right to an up-to-date abstract of title and survey.

The defendant further defended the action on the ground that the provisions in the contract in reference to the death of the defendant or the failure of the Watson Carting Company or general business depression, were conditions precedent to the enforcement of the contract, but I am convinced that such provisions were conditions subsequent, and that, therefore, there was on the defendant the burden of proving as affirmative defenses the existence of the conditions under which the contract would cease to be enforcible.   There is no doubt that the defendant has not died. In reference to the provision of business failure of the Watson Carting Company, although the defendant claimed that such business was insolvent, the proof is to the effect that he had transferred certain valuable assets to his parents; that he still had a going business, with a valuable contract, with the Harrison Radiator Works (who had been practically his sole customer at all times in the course of recent years), and that the defendant had made a new lease of other premises in which to conduct such business in the future; and in view of this proof, I am forced to hold that the failure of the Watson Carting Company is not proven

Surrogate's Court, Clinton County, February, 1928.      · [Vol. 131

by a fair preponderance of evidence. In reference to the phrase, " general business depression," the witnesses who testified for both plaintiffs and defendant asserted that there is no such expression in the business or financial world, but that the term to be used would be general business recession. Conceding that these terms are similar, there was no proof, by a fair preponderance of the evidence, that there was a general business recession or depression from the time of the making of the contract to the time set forth in such contract for the transfer of title. It is true that business conditions and markets were depressed during such period. but this was shown not to be an unusual condition in business and not to be what is known as a general business recession or depression.

In view of the foregoing, I have reached the conclusion that the plaintiffs are entitled to have the contract for the purchase of the premises mentioned in the complaint carried out by the defendant.

· Findings and judgment in accordance with the above may be prepared and submitted to me for signature.